## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## Miami Division

In re:  
AEG 777, LLC  
Debtor.  
_____/

Case No. 11-15286 LMI  
Chapter 11

### EMERGENCY MOTION FOR THE USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION AND FOR TURNOVER
**(Emergency hearing requested)**

**Statement of Exigent Circumstances**

The Debtor seeks to continue to operate its business , to preserve the value of the real estate, to preserve the estate and to facilitate a successful reorganization or other disposition. Without the immediate authorization to use cash collateral and turnover, the Debtor will not be able to meet current obligations or acquire goods and services necessary for their day-to-day operations. The Debtor believes that a hearing on this Motion is needed as soon as possible in order for them to continue to operate their property for this purpose.

AEG 777, LLC. (the "Debtor"), by and through undersigned counsel, pursuant to 11 U.S.C. §§ 361, 362 and 363, and 542 or 543 and Fed. R. Bankr. P. 4001(b) and 9014, and Local Rules 9013-1(G) and 9075-1, file this *Debtors' Motion, Pursuant to 11 U.S.C. §§ 361, 362 and 363, and 542 or 543 and Fed. R. Bankr. Pr. Rules 4001(b) and 9014, and Local Rules 9013-1(G) and 9075-1 For the Entry of an Interim and Final Order Authorizing the Use of Cash Collateral and Granting Adequate Protection* and for *turnover* (the "Motion") seeking entry of an order authorizing the turnover and use of cash, including cash collateral in which 7770 NOTE ACQUISITION LLC ( the "Lender") may claim an interest and the granting of adequate protection.  In support of this Motion, the Debtors rely upon the *budget* filed as Exhibit A hereto, and state court order re assignment of rents, attached as exhibit B, and respectfully

represent as follows:

## I. Jurisdiction

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. § 1408.

## II. Background

2. On February 28, 2011 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11, title 11, United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

3. The Debtor is operating its business and managing its affairs as debtors in possession, 11 U.S.C. §§ 1107(a) and 1108. Debtor owns a small 2 story office building located on the corner of 104 St and 77 Ave built in the 1980's with concrete and dark glass structure, it has 7 rentable suites with parking in the rear of the building. It was recently remodeled in 2007. Its unique location gives an excellent view from US 1 to cars traveling south.

4. No trustee, or examiner or committee has been appointed in these Chapter 11 cases.

5. Pre-petition, the Debtor operated it business, but Lender obtained control of the revenues, subject to a court order keeping Debtor as management, and which retained debtor in possession. A copy of the order is attached hereto as exhibit B. Lender 7770 NOTE ACQUISITION LLC has denied access to Debtor as ordered by the state court Judge, has refused important requests for funding of invoices, has refused to share insurance information, and has otherwise made it difficult for Debtor to manage the property as ordered by the state court Judge.

6. The difficulties confronting the recession, real estate values and finance issues have been widely reported in the media. Because the Debtor could not readily sell or refinance, it

commenced this Chapter 11 case to preserve the value of its assets for all constituents. The Debtor believes that the value of the estate can be best realized through an orderly reorganization and disposition and through its immediate possession of the property for management purposes.

### III. Requested Relief and Basis Therefor

7. By this Motion, the Debtor seeks the entry of an interim Order (the "Interim Order") authorizing, use of "Cash Collateral" (as that term is defined in Section 363(a) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code")). The filing of this Motion does not constitute an admission by the Debtors' that any of the Lenders hold valid liens on the Debtors' cash. The Debtors reserve the right to contest the validity, priority and extent of each Lenders' liens as well as the amount of each of the Lenders' claims.

8. An immediate and critical need exists for the Debtors to be permitted access to Cash Collateral to continue to operate. Therefore, the Debtor seeks an preliminary hearing (the "Preliminary Hearing") in accordance with Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"). At the Preliminary Hearing, the Debtors will seek entry of an Interim Order. , in compliance with the budget attached hereto as **Exhibit A** (the "Budget") and in order to, *inter alia*, pay wages, other direct operating expenses, to preserve the value of their assets so as to avoid immediate and irreparable harm to their estates, and to afford the Debtors adequate time to negotiate and seek approval for additional cash collateral use, subject to and within the limits imposed by the mutually agreed upon Budget.

9. By this Motion, the Debtor further seeks a final hearing (the "Final Hearing") on this Motion, to be held no less than fifteen (15) days from service of a notice of hearing on such Final Hearing, in accordance with Bankruptcy Rule 4001(b)(2) and (3).

10. The following lenders may assert an interest in cash collateral: Landmark Bank.

11.  To the extent that non-bankruptcy law provides that a creditor must be able to identify cash proceeds in order to maintain an interest in them, see U.C.C. § 9-306(2), which provides in part that a "security interest continues in *identifiable* proceeds including collections received by the debtor" (emphasis added), the Debtors reserve the right to contest whether the commingled cash constitutes cash collateral under § 363(a) of the Bankruptcy Code.

12.    Debtor will use those proceeds to fund their post-petition operations in the ordinary course of business for those purposes and in those amounts set forth in the Budget.

13.  As adequate protection  for the use of Cash Collateral the Debtors propose to grant the Lenders replacement liens on all post-petition property that is of the same nature and type of each Lenders' pre-petition collateral.

14.  Entry of the Interim Order will minimize disruption of the Debtors' business and permit the Debtors to meet payroll and other operating expenses and maintain vendor support. The use of Cash Collateral sought herein is vital to avoid immediate and irreparable harm to the Debtors' estate.

15.    Absent turnover and the use of the Cash Collateral, the Debtors' estates would not have the necessary funds to satisfy their obligations.  Allowing the use of the Cash Collateral, therefore, is  in the best interests of the Debtors' estate and creditors.

16.    The terms of the proposed use of the Cash Collateral and adequate protection arrangements are fair and reasonable under the circumstances and reflect the Debtors' exercise of prudent business judgment.

17.    The Debtors believe that the relief sought in this Motion is in the best interests of the Debtors, their estates and creditors, and that the entry of the Interim Order will, *inter alia*, allow for the continued operation of the Debtors' existing business for the purposes set forth above.

**Notice of Final Hearing**

18. Upon entry of the Interim Order, the Debtors will serve a copy of the Interim Order on those parties identified on the parties interested and any other entities that the Court may direct.

**WHEREFORE**, the Debtor respectfully request sthat the Court: (i) Grant this Motion; (ii) enter the Interim Order in the form attached hereto as **Exhibit C**; (iii) schedule a final hearing on this Motion; and (iv) grant such other and further relief as the Court deems just and proper.

**Certificate Of Service**

**I hereby certify** that on, February 28, 2011, a true and correct copy of the foregoing was served upon all parties as indicated below, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the notice of electronic filing indicates that notice was electronically mailed to said party and by email on Lenders counsel John D. Eaton, Esq. Rasco Klock Reininger Perez Esquenazi Vigil & Nieto jeaton@rascoklock.com .

JOEL M. ARESTY, P.A.
Counsel for Debtor
**Offices at Sailboat Cay**
**13499 Biscayne Blvd**
**STE T3 (18th Floor)**
**North Miami, FL 33181-2061**
**Phone: 305-899-9876**
**Fax: 305-723-7893**
E-mail: Aresty@Mac.com
http://www.Joelaresty.com
By:/s/ Joel M. Aresty, Esq.
Fla. Bar No. 197483

Exhibit "A"

| Unit # | Tenant Name | Lease Type | NRSF | Start Date | End Date | Contract Rent/Mo | (Rent Escalations, Extension Options, Reimbursements, Early Termination, % of Sales, etc.) |
|---|---|---|---|---|---|---|---|
| 100 | Gateways Unlimited | Gross | 1,500 | 1/1/10 | 12/31/11 | $ 2,942.50 | FIXED RENT |
| 101 | David W. Johnson AIA PA | Gross | 946 | 12/1/09 | 11/31/2012 | $ 1,794.47 | 3% |
| 102 | Advanced Digital Technologies | Gross | 282 | N/A | N/A | $ 500.00 | MONTH TO MONTH |
| 200 | Godfrey Statia, CPA, PFS | Gross | 950 | 2/1/11 | 1/31/12 | $ 1,000.00 | 1 YEAR LEASE |
| 201 | M. William Davis, PA | Gross | 700 | 1/1/08 | 12/31/11 | $ 1,968.75 | 3% |
| 209 | VACANT | Gross | 2,000 | | | | Proposed $1800 |
| 207 | VACANT | Gross | 460 | | | | Proposed $700 |
| | | | 6838 | | | $8,205.72 | |
| | EXP | $ 8,705.00 | | | | | |
| | NOI | $499.28 | | | | | |

# EXPENSES

|  | Monthly | Yearly |
|---|---:|---:|
| JANITORIAL | 500.00 | 6,000.00 |
| WATER | 20.00 | 240.00 |
| WATER FIRELINE | 10.00 | 120.00 |
| ELECTRIC | 1,800.00 | 21,600.00 |
| TAXES | 2,700.00 | 32,000.00 |
| INSURANCE | 680.00 | 8,157.03 |
| LAWN MAINTENANCE | 75.00 | 600.00 |
| PHONE (FIRE SYSTEM) | 60.00 | 720.00 |
| PHONE (ELEVATOR) | 60.00 | 720.00 |
| ELEVATOR MAINT. | 150.00 | 1,200.00 |
| PEST CONTROL | 150.00 | 360.00 |
| WASTE HAULER | 275.00 | 3,300.00 |
| STORMWATER UTIL. | 30.00 | 357.48 |
| SECURITY ALARM | 140.00 | 1,680.00 |
| REPAIRS & MAINTENANCE | 200.00 | 2,400.00 |
| MANAGEMENT FEES | 800.00 | 9,600.00 |
| OTHER | 75.00 | 900.00 |
| RESERVES FOR ROOF REPLACEMENT | 980.00 | 11,760.00 |
| VACANCY 10% | | |
| | | |
| TOTAL | 8,705.00 | 101,714.51 |
| | | |
| Grand Total | 8,705.00 | 101,714.51 |

7
ORDR

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 09-38823 CA 09

7770 NOTE ACQUISITION, LLC,

    Plaintiff,

v.

AEG 777, LLC, et al.,

    Defendants.
_____/

## ORDER ENFORCING ASSIGNMENT OF LEASES AND RENTS

THIS CAUSE having come before the Court on January 6, 2011 on Plaintiff's Amended Motion for Entry of an Order for Assignment of Rents and for an Expedited Hearing, and the Court having heard the argument of counsel and being otherwise duly advised in the premises, it is hereupon

ORDERED AND ADJUDGED as follows:

1.     Plaintiff's Motion is GRANTED.

2.     Pursuant to Fla. Stat. § 697.07 and the Assignment of Leases and Rents executed by Defendant AEG 777, LLC ("Borrower") on November 20, 2007, beginning as of the date of this Order and during the pendency of this action, Plaintiff 7770 NOTE ACQUISITION, LLC, ("Lender") shall collect all of the income, rents, issues, profits, royalties and proceeds (the "Rents") derived from the property that is the subject of this action, located at 7740 S.W. 104th Street, Pinecrest, Florida 33156 and further legally described in Exhibit "A" to this Order (the "Property"), and remit said Rents into an interest-bearing account to be established by Lender

(the "Rents Account"), which account shall be in the name of and for the exclusive use and benefit of Lender.

3.  For purposes of this Order, the term "Rents" shall also mean all minimum rents, additional rents, percentage rents, deficiency rents, common area maintenance charges, lease termination payments, purchase option payments, refunds of any type, prepayment of rents, settlements of litigation, settlement of past due rents, liquidated damages following default, and all proceeds payable under any policy of insurance covering loss of rents associated with the Property, together with any and all rights and claims of any kind that Borrower may have against any tenant or occupant of the Property.

4.  As of the date of this Order and during the pendency of this action, all tenants and/or occupants of the Property (the "Tenants") are hereby directed to make their rental payments made payable to "7770 NOTE ACQUISITION, LLC" and pay the Rents, as applicable, in a timely fashion and directly to Lender at the following address: **370 Miracle Mile, Coral Gables, Florida 33134**. Lender is hereby authorized to take such action as may be reasonably necessary to collect the Rents, including any past due amounts, from the Tenants, including, but not limited to, filing suit in Lender's name for possession of the Property and/or payment of the Rents.

5.  As of the date of this Order and during the pendency of this action, Borrower, its agents and/or attorneys are hereby prohibited from further collecting any of the Rents generated by the Property. Borrower, however, shall continue to be solely responsible for the operation and management of the Property.

6. Within five (5) days of this Order, Borrower shall turn over all Rents in its possession to Lender and file an accounting of said Rents with the Court and serve a copy on Lender's counsel.

7. Within five (5) days of this Order, Borrower shall provide Lender with true and complete copies of all leases affecting the Property. To the extent Borrower enters into any lease(s) affecting the Property subsequent to the date of this Order, Borrower shall provide Lender with a true and complete copy of said lease(s) within five (5) days of entering into said lease(s).

8. Within five (5) days of this Order, Borrower shall provide Lender with a current, verified rent-roll (roster of all present tenants with the amount of monthly rent charged to each for the subject property).

9. To the extent there are sufficient funds, only the following may be paid from the Rents Account:

a. First, any reasonable expense(s) required solely to protect, preserve and/or operate the subject real property, including, without limitation, real estate taxes and/or insurance. This provision does not include payment of Borrower's attorneys' fees or litigation costs;

b. Second, any escrow sums required by Lender or the subject Assignment of Leases and Rents; and

c. Third, payments due to Lender on the subject loan.

10. In the event that Borrower seeks payment of any expense(s) from the Rents Account pursuant to Paragraph 9(a) above, Borrower shall make written request to Lender for payment of said expense(s) within a sufficiently reasonable time and provide Lender with all supporting documentation, as may be reasonably required by Lender, regarding the expense(s).

k 27546 Pg 2778 CFN 20110014560 01/07/2011 12:05:05 Pg 3 of 7 Mia-Dade Cty FL

If Lender does not object to the payment of the requested expense(s), Lender shall promptly disburse the requested sums directly to Borrower and/or its designated representative(s).

11. If there is a dispute between the parties as to whether particular funds should be deposited into or withdrawn from the Rents Account, or should be exempt from deposit, the party challenging the deposit or withdrawal shall make application to the Court for resolution of the dispute.

12. Borrower shall make and file monthly reports, under oath, on the 1st business day of each month during the pendency of this action. The monthly reports (the first of which is due within five (5) days from the date of this Order) shall: (i.) account to the Court and the Plaintiff for all expenses related to the protection, preservation and operation of the Property, (ii.) describe the nature of the expenses (i.e. property taxes, repairs to property, etc.); and (iii.) list any changes in the condition of the Property and whether any new tenants have leased or vacated the Property.

13. Lender is hereby allowed reasonable access to the Property to inspect the condition thereof.

14. To the extent there are any Rents remaining in Lender's possession at the conclusion of this action, including those Rents in the Rents Account, said Rents shall be disbursed in accordance with the Court's final judgment or decree, or shall be disbursed at any earlier time pursuant to an Order of this Court.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida on this 6th day of January, 2011.

CIRCUIT COURT JUDGE

Copies furnished to:
All parties appearing on the attached Service List

## SERVICE LIST

Alfonso J. Perez, Esq.
Miguel R. Lara, Esq.
Rasco Klock Reininger Perez Esquenazi Vigil & Nieto
283 Catalonia Avenue, Second Floor
Coral Gables, Florida 33134

AEG 777, LLC
7740 S.W. 104th Street, Suite 209
Pinecrest, Florida 33156

Ari Banegas
7740 S.W. 104th Street, Suite 209
Pinecrest, Florida 33156

Abel Victores
P.O. Box 35-1323
Miami, Florida 33135

American Exchange Mortgage Bankers, Corp.
7740 S.W. 104th Street, Suite 209
Pinecrest, Florida 33156

Preferred Choice Investments Group, Inc.
6285 S.W. 40th Street
Miami, Florida 33155

First Florida Equities, Inc.
8500 S.W. 8th Street, Suite 228
Miami, Florida 33144

M.C. Marco International, Inc.
8125 S.W. 120th Street
Miami, Florida 33156

David Wearne Johnson, AIA, P.A.
7740 S.W. 104th Street, Suite 101
Pinecrest, Florida 33156

American Exchange Realty, LLC
7740 S.W. 104th Street, Suite 209
Pinecrest, Florida 33156

k 27546 Pg 2780 CFN 20110014560 01/07/2011 12:05:05 Pg 5 of 7 Mia-Dade Cty, Fl

CASE NO. 09-38823 CA 09

Gateways Unlimited, Inc.
7740 S.W. 104th Street, Suite 100
Pinecrest, Florida 33156

Marc William Davis, P.A.
7740 S.W. 104th Street, Suite 201
Miami, Florida 33156

Harris Johnson & Associates, Inc.
7740 S.W. 104th Street, Suite 101
Pinecrest, Florida 33156

World Technologies, LLC
7740 S.W. 104th Street, Suite 209
Pinecrest, Florida 33156

KMB Builders, LLC
7740 S.W. 104th, Suite 209
Pinecrest, Florida 33156

Unimed U.S.A., LLC
7740 S.W. 104th Street, Suite 209
Pinecrest, Florida 33156

k 27546 Pg 2781 CFN 20110014560 01/07/2011 12:05:05 Pg 6 of 7 Mia-Dade Cty, Fl

CASE NO. 09-38823 CA 09

## **EXHIBIT "A"**

Lot 1 of Stalcup Manor, according to the plat thereof, as recorded in Plat Book 59, Page 51 of the Public Records of Miami-Dade County, Florida

Parcel Identification Number: 20-5010-001-0010

Exhibit "C"

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division**

In re:                                              Case No.
**AEG 777 LLC**                                     Chapter 11
**Debtor.**
**_____/**

**INTERIM ORDER (I) AUTHORIZING IN PART USE OF
CASH COLLATERAL; (II) GRANTING ADEQUATE
PROTECTION AND TURNOVER; AND (III) SCHEDULING FINAL HEARING**

THIS MATTER came before the court on            at M in Miami Florida, upon the *Debtors' Emergency Motion Pursuant to 11 U.S.C. §§ 361, 362 and 363 and 542 or 543 Fed.R.Bankr.P. 4001 and 9014, For an Interim and Final Order Authorizing the Use of Cash Collateral and Granting Adequate Protection and for Turnover* (the "Motion") (Doc  ) filed by the above-captioned debtor-in possession (the "Debtor"). The Motion seeks the entry of an interim order authorizing, on an emergency and limited basis, use of "Cash Collateral" (as that term is defined in Section 363(a) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code")), including the Cash On Hand (as defined in the Motion), and granting turnover and adequate protection to Lender Regions Bank (collectively, the "Lenders"). The Court has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The relief requested in the Motion is in the best interests of the Debtors, their estates and creditors. Proper and adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary. Accordingly, the Court **ORDERS**:
1. The Motion is **GRANTED in part**.
2. The Debtors are authorized to use Cash Collateral only on the terms and conditions set

forth on the record at the hearing and in accordance with the budget attached hereto as Exhibit "A".

3. 7770 Note Acquisition LLC shall turnover the rents and rent and expense records. As adequate protection for the use of Cash Collateral, the Lender is granted a replacement lien on the all post-petition property of the Debtor that is of the same nature and type as Lender's pre-petition collateral.

4. Nothing in this Order shall constitute an adjudication of the validity, priority or extent of any Lender's liens, or the amount of Lender's claim.

5. Final hearing is set for _____. Any motions filed by Lender will also be considered at that same time.

# # #

Submitted by:
JOEL M. ARESTY, P.A.
Counsel for Debtor
**Offices at Sailboat Cay**
**13499 Biscayne Blvd**
**STE T3 (18th Floor)**
**North Miami, FL 33181-2061**
**Phone: 305-899-9876**
**Fax: 305-723-7893**
E-mail: Aresty@Mac.com
**http://www.Joelaresty.com**
By:/s/ Joel M. Aresty, Esq.
Fla. Bar No. 197483
Mr. Aresty shall serve copies to all parties in interest by CMECF or mail